Matter of Phillips (2024 NY Slip Op 06047)

Matter of Phillips

2024 NY Slip Op 06047

Decided on December 4, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2024-01845

[*1]In the Matter of Kenneth Barrett Phillips, an attorney and counselor-at-law. (Attorney Registration No. 2805786)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 30, 1997. By order to show cause dated April 4, 2024, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts entered October 10, 2023.

David W. Chandler, Brooklyn, NY (Lisa M. McCabe of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts entered October 10, 2023, the respondent was suspended from the practice of law for a period of three months. The order stayed the suspension for a period of one year with a number of conditions.
The Massachusetts Disciplinary Proceeding 
The respondent was admitted to the Bar of the Commonwealth of Massachusetts on December 18, 1996, and he maintains his law office in Massachusetts.
The respondent's misconduct involved two escrow accounts that he maintained at Citizens Bank, with account numbers ending in 1198 (hereinafter IOLTA 1198) and 2925 (hereinafter IOLTA 2925). Since at least August 1, 2019, the respondent did not keep adequate compliant check registers for IOLTA 2925 and IOLTA 1198 for every client for whom he held funds in the accounts, did not keep a ledger for the personal funds held in the accounts that were deposited as a starting balance, and did not perform adequate three-way reconciliations every 60 days. The respondent also failed to investigate and resolve five instances in which checks written from IOLTA 2925 were not negotiated, often for many years, resulting in an accrual of approximately $9,000 of undisbursed client funds in IOLTA 2925. Also, the respondent disbursed funds from IOLTA 2925 and IOLTA 1198 in anticipation of, but prior to depositing, the funds to cover those disbursements, resulting in dishonored checks in one instance and negative ledger balances in other instances. Additionally, for IOLTA 2925, the respondent failed to identify separate deposits and disbursements on individual client ledgers. Due to the respondent's insufficient and noncompliant recordkeeping and reconciliations, the respondent misused client funds on a few occasions to cover disbursements made on behalf of other clients. No clients were deprived of funds.
On or about July 11, 2023, the respondent and bar counsel filed a stipulation as to the above misconduct and rule violations and jointly recommended to the Board of Bar Overseers a three-month suspension, stayed for one year on conditions. The respondent admitted the truth of the [*2]allegations in the amended petition for discipline and stipulated that those allegations were established as facts. The respondent admitted that he had violated the disciplinary rules set forth in the amended petition for discipline.
Specifically, the respondent admitted that he had violated Massachusetts Rules of Professional Conduct rule 1.15(f)(1)(B) (failure to keep compliant check registers), (C) (failure to keep compliant individual client ledgers, disbursing funds from IOLTA accounts that created a negative balance for individual clients, and misusing trust funds), (D) (failure to keep a compliant ledger for bank fees and expenses), (E) (failing to reconcile adjusted bank statement balance with client ledger balances and check register balance at least every 60 days), (c) (failure to take timely steps to disburse the subject funds to the rightful owners by issuing replacement checks and failure to promptly deliver trust funds to the appropriate clients or third parties on whose behalf such funds were held), and (b)(4) (failure to safeguard trust funds on deposit).
By vote dated September 11, 2023, the Board of Bar Overseers recommended to the court that it accept the parties' stipulation. On October 10, 2023, Justice Gaziano of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts issued an order of term suspension/stayed, which suspended the respondent from the practice of law in the Commonwealth of Massachusetts for a period of three months and stayed the suspension for a period of one year with conditions. The conditions were as follows: (1) the respondent shall continue to make diligent efforts to audit his two existing IOLTA accounts for a period of six months from the date of entry of the October 10, 2023 order to identify the owners of any undisbursed funds in those accounts and, when possible, deliver all appropriate disbursements; (2) at the end of this audit period, the respondent shall submit to the Office of Bar Counsel an application for transfer of any undisbursed funds, if any, to the Massachusetts IOLTA Committee, in which he discloses each instance where he either was not able to identify the owner of the undisbursed funds or was unable to locate the owner of the undisbursed funds; and (3) the respondent shall enter an accounting probation agreement with the Office of Bar Counsel, pursuant to which he will provide the Office of Bar Counsel, on a quarterly basis for one year, copies of his compliant reconciliation records, accounting records, and bank statements for all his IOLTA accounts.
The respondent did not notify this Court or a Grievance Committee of the Massachusetts order of discipline, as required by 22 NYCRR 1240.13(d).
The New York Proceeding 
By letter dated January 12, 2024, the Grievance Committee was informed of the respondent's discipline in Massachusetts.
By order to show cause dated April 4, 2024, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts entered October 10, 2023. Although the respondent was duly served with the order to show cause dated April 4, 2024, he has neither submitted a response thereto nor requested additional time to do so. Therefore, the respondent waived his ability to assert any applicable defense under 22 NYCRR 1240.13(b) or otherwise put forth any mitigating evidence.
Findings and Conclusion 
Based on the misconduct underlying the discipline imposed by the order of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts entered October 10, 2023, we find that the imposition of reciprocal discipline is warranted and conclude that the respondent should be suspended for a period of six months.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the respondent, Kenneth Barrett Phillips, is suspended from the practice of law for a period of six months, commencing January 3, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 3, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Kenneth Barrett Phillips, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kenneth Barrett Phillips, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kenneth Barrett Phillips, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court